UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE RAMON LÓPEZ REGUEIRO,

    Plaintiff,

v.

AMERICAN AIRLINES, INC. and
LATAM AIRLINES GROUP, S.A.,

    Defendants.

Case No. 19-cv-23965-JEM-LFL

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff, Jose Ramón López Regueiro ("López Regueiro"), and Defendant, American Airlines, Inc. ("American") (collectively, "Parties"), hereby respectfully move the Court for a stay of all proceedings in light of Magistrate Judge Louis' Report and Recommendation ("R&R"), in which she recommends dismissal of this case with prejudice, and in light of the Parties' pending Objections and Responses to the R&R, which the Court must now resolve. *See* Report and Recommendation Granting American's Motion to Dismiss [ECF No. 174]; American's Objection to R&R [ECF No. 177]; López Regueiro's Objection to R&R [ECF No. 178]. In support thereof, the Parties state the following:

    1.    On October 12, 2021, American filed its Motion to Dismiss the Second Amended Complaint [ECF No. 123] ("Motion to Dismiss"). López Regueiro filed his Response in Opposition to the Motion to Dismiss [ECF No. 126] on October 28, 2021, and American filed its Reply in Support of the Motion to Dismiss [ECF No. 127] on November 4, 2021.

    2.    On November 18, 2021, the Court referred the Motion to Dismiss to Magistrate Judge Louis. *See* Order of Reference to Magistrate Judge [ECF No. 128].

3.	On May 20, 2022, Magistrate Judge Louis entered her R&R in which she recommended granting the Motion to Dismiss with prejudice

4.	The Parties have each filed objections to the R&R and responses to the objections. *See* American's Objections to R&R [ECF No. 177]; López Regueiro's Objections to R&R [ECF No. 178]; López Regueiro's Response to American's Objections to R&R [ECF No. 179]; American's Response to Plaintiff's Objections to R&R [ECF No. 180]. The R&R, objections, responses, and corresponding Motion to Dismiss are now ripe for the Court's review.

5.	The Parties have completed discovery, *see* Omnibus Order [ECF No. 173], and the Parties are preparing dispositive motions and *Daubert* motions, which at present are due on July 15, 2022. *Id.* The Parties must also attend mediation by July 14, 2022.

6.	The trial is currently set during the two-week period commencing on September 12, 2022, roughly 90 days from the filing of this motion. All pre-trial motions and memorandums of law must be filed by July 29, 2022, the joint pre-trial stipulation is due on August 15, 2022, and proposed jury instructions are due on September 5, 2022. *See* Order on Motion for Approval of Joint Stipulation [ECF No. 117].

7.	Due to the posture of this case and in the interest of preserving resources and judicial economy, good cause exists to enter a stay pending the Court's decision on the R&R and Motion to Dismiss.

## **MEMORANDUM OF LAW**

This "Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Goode v. Celebrity Cruises, Inc.*, No. 16-24131-CIV, 2017 WL 4347133, at *2 (S.D. Fla. Sept. 29, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts

broad discretion over the management of pre-trial activities, including discovery and scheduling."). Such discretion in favor of a stay should be exercised when a party "demonstrate[s] reasonableness and good cause." *Goode*, 2017 WL 4347133, at * 2. When determining reasonableness, the Court must balance the harm produced by the delay against the effects produced by granting the motion. *See Candelario v. La Libertad Market Cafeteria Inc.*, No. 21-23141, 2022 WL 1122610, at *2 (S.D. Fla. Apr. 14, 2022) (Martinez, J.). And "[g]ood cause may exist where resolution of a preliminary motion may dispose of the entire action." *Id.* Lastly, a stay can "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015).

Here, the request for a stay is certainly reasonable compelling, and the Parties have demonstrated good cause. If the Court adopts the R&R or agrees with other arguments raised in the Motion to Dismiss, this matter will be dismissed with prejudice. If the Court does not adopt the R&R, its reasoning will educate the Parties as to the Court's interpretation of the relevant law, and in turn, enable them to fashion their summary judgment motions to address and account for that interpretation. In the absence of a stay, the parties will have to expend substantial time and resources to prepare individual summary judgment motions, *Daubert* and *in limine* motions, a joint pre-trial stipulation, and trial in the coming months. All of those costs would be for naught if the Court adopts the R&R.

Neither party will suffer harm or prejudice from a stay of the proceedings pending the Court's decision on the R&R and Motion to Dismiss. In fact, quite the opposite is true. The Parties have completed discovery, meaning the requested stay would not delay the case but save costs,

streamline the issues, "promote judicial economy" and "reduce confusion and prejudice." *See Boise*, 2015 WL 4077433, at *2. Moreover, the Parties are jointly requesting this relief.

**WHEREFORE**, for the foregoing reasons, the Parties respectfully request that the Court stay all proceedings in this action pending the Court's decision on the R&R and corresponding Motion to Dismiss.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Plaintiff and American are jointly seeking the requested relief and therefore, the Parties do not oppose the entry of an order granting this Motion.

Dated: June 14, 2022                                Respectfully submitted,

/s/ *Ricardo H. Puente*
Ricardo H. Puente (Florida Bar No. 121533)
Email: rpuente@jonesday.com
Andrew J. Turnier (Florida Bar No. 1004235)
Email: aturnier@jonesday.com
Michelle Hogan (Florida Bar No. 1010992)
Email: mhogan@jonesday.com
Sarah E. Morgado (Florida Bar No. 1026053)
Email: smorgado@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Christopher R. J. Pace (Florida Bar No. 72116)
Email: CRJPace@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St.
Dallas, TX 75201
Telephone: (214) 453-6565

*Counselors for Defendant American Airlines, Inc.*

/s/ *Andrés Rivero*
Andrés Rivero (Florida Bar No. 613819)
E-mail: arivero@riveromestre.com
Alan H. Rolnick (Florida Bar No. 715085)
E-mail: arolnick@riveromestre.com
Robert J. Kuntz Jr. (Florida Bar No. 094668)
E-mail: rkuntz@riveromestre.com
Ana C. Malave (Florida Bar No. 83839)
E-mail: amalave@riveromestre.com
Sylmarie Trujillo (Florida Bar No. 112768)
E-mail: strujillo@riveromestre.com
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

/s/ *Manuel Vazquez*
MANUEL VAZQUEZ
Florida Bar No. 132826
**MANUEL VAZQUEZ, P.A.**
2332 Galiano St., Second Floor
Coral Gables, Florida 33134
Telephone: (305) 445-2344
Facsimile: (305) 445-4404
E-mail: mvaz@mvazlaw.com

*Counselors for Plaintiff José Ramón López Regueiro*