UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-23965-CIV-MARTINEZ-LOUIS

JOSÉ RAMÓN LÓPEZ REGUEIRO,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Lauren Louis, United States Magistrate Judge, for a Report and Recommendation on Defendant American Airlines, Inc.'s Motion to Dismiss the Second Amended Complaint. (ECF No. 123). After conducting a hearing on the Motion to Dismiss, (ECF No. 140), Judge Louis filed a Report and Recommendation ("R&R"), recommending the Motion to Dismiss be granted. (ECF No. 174). Both Plaintiff, (ECF No. 178), and American Airlines, (ECF No. 177), filed objections to the R&R and then responded to each parties' respective objections, (ECF Nos. 179 & 180). The Court conducted a *de novo* review of the record and the issues presented in both sets of objections. After careful review, the Court affirms and adopts the R&R, except for its personal jurisdiction analysis, which appears to conflate general and specific personal jurisdiction.

Before evaluating the merits of a claim, the Court must first decide whether it has specific or general personal jurisdiction over any nonresident defendant. Here, Plaintiff alleges the Court could exercise both types of personal jurisdiction over American Airlines. (SAC ¶¶ 6–7, ECF No. 122). Plaintiff alleges general jurisdiction exists over American Airlines under section 48.193(2),

1

based on American Airlines' "substantial and not isolated activity" in Florida. (SAC ¶ 6). He also alleges that specific personal jurisdiction exists over American Airlines under subsections (1)(a)(2), (1)(a)(2), and (1)(a)(6) of Florida's long-arm statute, section 48.193, Florida Statutes. (SAC ¶ 7).

The Court begins with Plaintiff's contention that the Court can exercise general jurisdiction over American Airlines. The R&R properly focused its analysis here on *Daimler AG v. Bauman*, 571 U.S. 117 (2014). In *Daimler*, the U.S. Supreme Court concluded that the paradigm forums for the exercise of general jurisdiction over a nonresident defendant are "the place of incorporation and the principal place of business." *Id.* at 118. "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 139 n.19). Here, Plaintiff concedes that American Airlines is incorporated in Delaware and its principal place of business is Texas. (SAC ¶ 3; Nov. 3, 2021, Decl. of Caroline Ray ¶ 2, ECF No. 127-1). Because Florida is not one of American Airlines' paradigm forums, the question becomes whether this is an "exceptional case." The Court finds that it is not.

When carving out the possibility of an "exceptional case," *Daimler* referred to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). As the U.S. Supreme Court explained, "[i]n *Perkins*, war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio." *BNSF*, 137 S. Ct. at 1558. "Because Ohio then became 'the center of the corporation's wartime activities' . . . suit was proper there[.]" *Id.* (quoting *Daimler*, 571 U.S. at 130 n.8, and citing *Perkins*, 342 U.S. at 448); *see also Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (explaining how in *Perkins* "Ohio was 'a surrogate for the place

2

of incorporation or head office'" (citation omitted)).  To determine whether this case is an "exceptional" one, the Court must consider whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

With these principals in mind, the Court concludes that the exercise of general jurisdiction over American Airlines in Florida does not comport with due process.  Undoubtedly, American Airlines conducts significant business in Florida. (*See generally* SAC ¶¶ 10–17; Decl. Oct. 28, 2021, Ana C. Malave ("Decl. Malave"), ECF No. 126-1).  But *Daimler* expressly rejected the availability of general jurisdiction "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'"  571 U.S at 138.  Stated another way, "at home" is not synonymous with "'doing business' tests." *See id.* at 139 n.20.  While American Airlines may conduct significant business operations in Florida, Florida is not a "surrogate" for American Airlines' place of incorporation or head office.  Indeed, several other district courts have declined to exercise general jurisdiction over airlines with a "hub" in the state. *See Sambrano v. United Airlines, Inc.*, No. 21-cv-1074, 2021 U.S. Dist. LEXIS 215289, at *11 (N.D. Tex. Nov. 8, 2021) (declining to exercise general jurisdiction over United Airlines even though "one of its seven hubs is in Houston, roughly a quarter of its daily flights take-off or land in Texas, and 16% of its employees work [in Texas]"); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Ca. 2020) (concluding that it could not exercise general jurisdiction over United Airlines even though United "conducts substantial business in California through two 'hub airports' located in the state and by employing 'a substantial number of employees in California'"); *Godun v. United Airlines, Inc.*, No. 16-cv-4869, 2017 U.S. Dist. LEXIS 233146, at *7 (N.D. Ill. Feb. 15, 2017)

(declining to exercise jurisdiction over airline even though it operated a "large airfare hub" from the forum because "[t]he fact that [defendant] conducts business in Illinois by operating flights in Illinois and soliciting business from its residents does not establish 'contacts [that] are so continuous and systematic as to render [defendant] at home in [Illinois]'" (citation omitted)); *see also Grupo Rayco C.A. v. Delta Air Lines, Inc.*, No. 19-cv-6162, 2020 U.S. Dist. LEXIS 79497, at *4 (D.N.J. May 6, 2020) ("The fact that Delta's planes fly into and out of Newark International Airport, and consequently, Delta has a business address in the state of New Jersey, is insufficient to subject Defendant to this Court's general jurisdiction."). Here, too, the Court concludes that American Airlines' business operations in Florida do not create a basis for the exercise of general jurisdiction over it.

Next, the Court evaluates whether it can exercise specific personal jurisdiction over American Airlines. To exercise specific personal jurisdiction, Plaintiff must satisfy Florida's long-arm statute and the due process requirements under the Fourteenth Amendment of the Constitution. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). American Airlines only contests that the exercise of specific jurisdiction comports with due process. (*See* Resp. at 8, ECF No. 127). "There are three considerations under the due process clause: (1) purposeful availment of the forum state; (2) the cause of action arises out of the activities of which you purposefully availed yourself . . . and (3) reasonable foreseeability that '[a defendant] should reasonably anticipate being haled into court there.'" *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250–51 (11th Cir. 2000) (citations omitted).

In the motion-to-dismiss briefing, American Airlines argues that the second prong of the due process test is not satisfied. It contends the Court lacks specific personal jurisdiction over it "for a simple reason: Plaintiff's claim 'aris[es] out of' American's use of the Airport in Cuba, not

4

American's use of the Airport in Miami." (Reply at 8–9, ECF No. 127). A claim will "arise out of or relate to" American Airlines' contacts with Florida if there is "an affiliation" between Florida "'and the underlying controversy, principally, [an] activity or an occurrence that takes place'" in Florida and, as a result, is subject to regulation in Florida. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1786 (2017)). This prong of the due process analysis does not require "proof of causation—*i.e.*, proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Id.* at 1026. Rather, the Court may exercise jurisdiction where there is an "'activity [or] occurrence' involving the defendant that takes place in [Florida]." *See id.* On this point, the R&R hits the mark: "Defendant's conduct in this case . . . has a connection to the state: Plaintiff alleges that at least five flights daily to the [José Martí International] Airport originate from Miami International Airport and another five flights daily return from the [José Martí International] Airport to Miami International Airport. Since 2018, Plaintiff alleges, Defendant has additionally offered cargo service to the [José Martí International] Airport, that service again originating from Miami International Airport." (R&R at 9). At bottom, Plaintiff's claim that American Airlines is liable for unlawful trafficking by benefiting from the alleged wrongfully confiscated José Martí International Airport ("JM Airport") sufficiently relates to American Airlines continued use of the JM Airport to bring cargo and passengers to and from Florida.

Now, for the first time in its objections to the R&R, American Airlines challenges the purposeful availment and reasonable foreseeability prongs of the due process test. (*See* ECF No. 177 at 7). The Court may exercise its discretion not to consider these arguments. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Even considering these arguments, however, the Court is not persuaded.

Starting with purposeful availment, this requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person[.]'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.* (citations omitted). The Complaint and supporting Declaration of Ms. Malave are overflowing with demonstrations of American Airlines' purposeful availment of Florida. (*See* SAC ¶¶ 10–17; Decl. Malave). Based on those same factual allegations, the Court concludes American Airlines could reasonably have foreseen being haled into a Florida court and that exercising jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476–77.

In sum, the Court's exercise of specific jurisdiction over American Airlines, but not general jurisdiction, comports with due process requirements. After conducting a *de novo* review, the Court overrules the remaining objections. Accordingly, it is hereby **ADJUDGED** that

1. Magistrate Judge Louis' Report and Recommendation, (ECF No. 174), is **AFFIRMED AND ADOPTED IN PART**.

2. Plaintiff's Motion to Dismiss, (ECF No. 123), is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** because (1) the José Martí International Airport was not allegedly confiscated from a United States National, and (2) Plaintiff was not a United States National when he allegedly acquired his claim to the José Martí International Airport.

3.  The Clerk of Court is **DIRECTED** to **DENY** all pending motions as **MOOT** and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June, 2022.

                                                JOSE E. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Louis
All Counsel of Record