## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23965-JEM

JOSE RAMON LÓPEZ REGUEIRO,

     Plaintiff,

v.

AMERICAN AIRLINES INC. and
LATAM AIRLINES GROUP, S.A.,

     Defendants.

_____ /

## <u>REPORT AND RECOMMENDATIONS</u>

**THIS CAUSE** is before the Court upon Defendant American Airlines, Inc.'s Renewed Motion and Memorandum of Law in Support of Its Verified Bill of Costs (ECF No. 217), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c).  Plaintiff Jose Ramon López Regueiro filed a Response and Objections to the Renewed Motion (ECF No. 218), to which Defendant filed a Reply (ECF No. 219).  The matter has been referred to the undersigned United State Magistrate Judge by the Honorable Jose E. Martinez, United States District Judge, pursuant to 28 U.S.C. § 636(b) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Renewed Motion.  (ECF No. 220).  Having reviewed the Renewed Motion, Response, Reply, the supporting materials attached thereto, the record, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Renewed Motion be **GRANTED, in part**, and **DENIED, in part**, as further set forth below.

1

## I.       BACKGROUND

This action arises from Plaintiff's claim to the José Marti International Airport in Cuba (the "Airport"), under the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021, *et seq.* ("Libertad Act" or "Helms-Burton Act").

Plaintiff commenced this action against Defendants American Airlines, Inc. and Latam Airlines Group, S.A. in this Court on September 25, 2019.  On April 1, 2020, Plaintiff filed his Amended Complaint.  Due to the COVID-19 pandemic, the case was administratively closed and placed in civil suspense.  During this time, Latam Airlines Group, S.A. initiated bankruptcy proceedings.  The case was reopened on August 17, 2021, with Plaintiff proceeding against only Defendant American Airlines, Inc.  On September 27, 2021, Plaintiff filed his Second Amended Complaint.

Plaintiff alleged in his Second Amended Complaint that, in May 1959, the Cuban government illegally confiscated the Airport from a company owned by Plaintiff's father.  When Plaintiff's father died intestate, the Airport passed to Plaintiff.  Plaintiff contended that American Airlines had knowingly and intentionally benefitted from the Airport by selling and operating cargo and passenger services to and from the Airport.  Plaintiff asserted a single claim against American Airlines for trafficking passengers and cargo to the Airport without the authorization of a United States national who holds a claim to the Airport (*i.e.*, Plaintiff) and without compensating that person, all in violation of Title III of the Helms-Burton Act, 22 U.S.C. § 6082(a)(1).

American Airlines moved to dismiss.  (ECF No. 123).  On June 30, 2020, the District Court granted the motion and dismissed the case with prejudice.  (ECF No. 182).  On July 8, 2022, Final Judgment was entered in favor of American Airlines, Inc., and against Plaintiff.  (ECF No. 183).

Plaintiff appealed.  (ECF No. 184).  American Airlines moved for an award of taxable costs.  (ECF No. 185).

While American Airlines' initial motion for an award of taxable costs was pending, the Eleventh Circuit dismissed Plaintiff's appeal, *sua sponte*, for lack of appellate jurisdiction, holding that certification of final judgment under Rule 54(b) had not been proper.  *See* (ECF No. 194 at 4–6).  The undersigned convened a hearing to determine whether the initial motion to tax costs was timely filed, or whether the motion was premature in light of the Eleventh Circuit's *sua sponte* order of dismissal.  At the hearing, American Airlines agreed that the initial motion to tax costs was premature.  The Parties consented to the denial of the motion to tax costs without prejudice to American Airlines renewing the request.

On February 16, 2023, Plaintiff filed an unopposed motion to dismiss Defendant Latam Airlines Group, S.A., under Federal Rule of Civil Procedure 41(a)(2).  (ECF No. 204).  The motion was granted and this action was dismissed as to Latam Airlines Group, S.A.  (ECF No. 213).  The District Court entered Final Judgment, (ECF No. 211), and Plaintiff renewed his prior appeal.  (ECF No. 214).  Now, American Airlines has renewed its request to tax costs against Plaintiff.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.    DISCUSSION

Defendant seeks an award of taxable costs against Plaintiff in the amount of $27,946.43.[1] (ECF No. 219-3). Defendant requests that the award of costs accrue post-judgment interest at the statutory rate. Plaintiff partially opposes the costs requested in Defendant's Renewed Motion. Plaintiff further requests that the Court consider his ability to pay an award of taxable costs. In the alternative, Plaintiff incorporates a request in his Response to stay disposition of the Renewed Motion pending appeal.

### A.    Plaintiff's Request to Stay Resolution of the Renewed Motion

In his Response, Plaintiff requests that the Court stay resolution of Defendant's Renewed Motion because he has noticed an appeal to the Eleventh Circuit. He asserts that his appeal raises

---

[1] Defendant initially requested an award of $30,358.28 of taxable costs, which Plaintiff partially opposed. In light of Plaintiff's opposition, Defendant revised its request, seeking the amounts discussed in further detail below and totaling to $27,946.43. Defendant has prepared and filed, in support of its Reply, spreadsheets identifying the specific itemized costs it had initially sought to recover and whether each of those itemized costs is opposed and which of those costs have subsequently been withdrawn. *See* (ECF No. 219-4).

an issue of first impression regarding the interpretation of 22 U.S.C. § 6022(6) and that he is likely to prevail in that appeal. Plaintiff thus requests that the Court stay resolution of this matter for judicial efficiency purposes, and because he would suffer irreparable financial hardship and injury if an award of costs is imposed.

While Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is "not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). Courts in the Eleventh Circuit have exercised their discretion as Plaintiff requests here. *See, e.g.*, *Hess v. Coca-Cola Refreshments USA, Inc.*, No. 8:13-CV-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016) (denying without prejudice defendant's motion to tax costs with leave to refile after the entry of a mandate by the Court of Appeals).

In considering whether to stay adjudication of a motion to tax costs pending appeal, courts consider: "(1) whether the movant is likely to prevail on the merits of the appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is adverse to public interest." *Aristyld v. City of Lauderhill*, No. 12-60110-CIV, 2013 WL 12136514, at *1 (S.D. Fla. July 12, 2013) (quoting *Breedlove v. Hartford Life & Accident Ins.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825 at *1 (M.D. Fla. Jan. 30, 2013)).

Plaintiff's request to stay the motion to tax costs pending appeal does not meaningfully explain how he is likely to prevail on appeal with respect to the interpretation of § 6022(6). Beyond asserting that his appeal presents an issue of first impression, Plaintiff does not further explain why it is that he will prevail. Nor does Plaintiff substantiate the proffered financial hardship or injury

he claims he would experience, beyond asserting that he may never have to pay these costs if he prevails on appeal.  In short, Plaintiff has not established that a stay of the Renewed Motion to Tax Costs is warranted here and thus the undersigned does not recommend a stay.

B.     **Defendant Is the Prevailing Party**

The Court next finds that American Airlines is the prevailing party in this action.  "[T]here are two requirements for a party to reach prevailing party status.  First, the party must be awarded some relief on the merits of its claim by the court.  Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties."  *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) (internal citations omitted) (first citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); and then citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).  With respect to prevailing defendants, a defendant prevails if the defendant rebuffed the plaintiff's efforts to effect a material alteration in the legal relationship between the parties.  *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021).  Further, under Eleventh Circuit law, there can only be one prevailing party in a case, and courts are not required to declare a prevailing party in every case (*i.e.*, a case may have no prevailing party).  *See Royal Palm Props.*, 38 F.4th at 1377–80.

Here, the District Court granted American Airlines' motion to dismiss and dismissed this action with prejudice.  The District Court later entered a Final Judgment in favor of American Airlines and against Plaintiff.  The dismissal with prejudice, as opposed to without prejudice, renders American Airlines the prevailing party because American Airlines has rebuffed Plaintiff's efforts to effect any material alteration in the legal relationship between the Parties.  Plaintiff has achieved none of the relief he sought in this action, and the dismissal with prejudice forecloses his

ability to prosecute this action or refile it. *See Kennedy v. Floridian Hotel, Inc.*, No. 18-62486-CIV, 2020 WL 13644747, at *2 (S.D. Fla. May 6, 2020), *report and recommendation adopted*, No. 0:18-CV-62486-UU, 2020 WL 13644748 (S.D. Fla. May 21, 2020) (finding that the defendant was the prevailing party for purposes of taxing costs where the action was dismissed with prejudice on jurisdictional grounds for lack of standing, because the dismissal with prejudice foreclosed the plaintiff's claim).

Accordingly, American Airlines is entitled to an award of taxable costs under 28 U.S.C. § 1920 and Rule 54(d)(1) as the prevailing party.

### C.      Taxable Costs

In its Revised Bill of Costs, American Airlines seeks to recover the following costs: (i) $24,718.93 in Fees for Printed or Electronically Recorded Transcripts; (ii) $3,057.50 in Compensation of Interpreters; (iii) $130.00 in Fees for Service of Summons and Subpoena; and (iv) $40.00 in Fees for Witnesses.  (ECF No. 219-3).

### 1.      Fees for Printed or Electronically Recorded Transcripts

Defendant initially sought $26,985.78 in transcript costs under 28 U.S.C. § 1920(2).  In revising its request for taxable costs in response to Plaintiff's opposition, Defendant now seeks $24,718.93 in connection with 11 depositions taken in this case for the following deponents: Plaintiff, Ambar Diaz, Robert Muse, Carlos Perez-Abreu, Mayra Garcia, Pablo De Cuba, Lillian Guerra, Jeffrey Climans, Ramon Jimenez, Amy Craven, and Jessica Tyler.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000).  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.*  Additionally, "[b]ecause the parties

presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Plaintiff does not dispute that the deposition transcripts were necessarily obtained for use in this case. Rather, in opposing Defendant's request for costs, Plaintiff objected to specific itemized costs reflected in the invoices for the depositions, including: $2,917.00 in exhibit fees; $1,354.00 in other fees such "Litigation Package," "Litigation Technology, Support and Security Management," "In Person Coverage Fee," "Transcript Handling," and "Electronic Delivery and Handling"; $140.00 for condensed transcripts; and $3,333.45 in expedited and rough transcript fees. Plaintiff also opposes Defendant's request for $6,665.00 for videorecording the depositions, though he acknowledges that the depositions were properly noticed to be videorecorded. Defendant has withdrawn its request for some of the foregoing itemized transcript costs, as set out in the Revised Bill of Costs and described further below; Defendant has identified the transcript-related costs it has withdrawn in a spreadsheet attached to the Reply. (ECF No. 219-4).

8

Exhibit Costs.  Plaintiff objects to the taxing of $2,916.55[2] in exhibit fees reflected in the deposition transcript invoices attached to the Renewed Motion.  In response, Defendant has withdrawn fees for color copies of exhibits in the amount of $2.10 for Pablo De Cuba's deposition, $106.25 for Lillian Guerra's deposition, $190.00 for Jeffrey Climans's deposition, and $7.50 for Amy Craven's deposition (ECF No. 217-2 at 8, 12, 13, 15).  Thus, Defendant now seeks $2,610.70 for non-color copies of exhibits in connection with the depositions taken in this case.

As to the remaining exhibit costs, Defendant argues that it is entitled to the following exhibit costs because Plaintiff noticed the depositions: $984.10 for Lillian Guerra, $683.80 for Jeffrey Climans, $243.75 for Amy Craven, and $297.05 for Jessica Tyler.  Defendant may recover those costs, amounting to $2,208.70.  *See Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) ("Costs for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party.").

However, Defendant may not recover $402.00 in exhibit costs associated with depositions that Defendant noticed, including $171.15 for Carlos Perez-Abreu's deposition, $18.70 for Mayra Garcia's deposition, $145.60 for Pablo De Cuba's deposition, and $66.55 for Plaintiff's deposition. Though Defendant argues that it provided the court reporter with copies of these exhibits to ensure a complete, integrated, and accurate record, *see* (ECF No. 219 at 2) (citing *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019)), Defendant noticed these depositions and otherwise at all times had access to the exhibits. Thus, this cost should not be shifted to Plaintiff.

---

[2]  Plaintiff calculated this figure as $2,917.00.  Upon review of the invoices attached to the Renewed Motion, the Court calculates this figure as $2,916.55.

Accordingly, the Court concludes that Defendant's request for $24,718.93 in transcript-related costs should be reduced by $402.00.

Expedited Transcripts.[3] Plaintiff challenges Defendant's entitlement to tax costs associated with expediting deposition transcripts. Defendant asserts that expediting the transcripts was needed because the depositions were taken within 14 days of the close of discovery less than two months before the deadline to file summary judgment motions.

The cost to expedite deposition transcripts is generally not taxable, but a prevailing party may tax the cost of expediting transcripts for depositions taken within thirty (30) days of the deadline to file dispositive pretrial motions, such as motions for summary judgment. *See Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *see also Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) ("The costs of expedited transcripts, however, can be reimbursed in certain cases where the expedited transcript was essential to the resolution of the case in favor of the prevailing party.").

The eleven depositions for which Defendant seeks to tax transcript costs in this case occurred one per day, each day (excluding weekends), within a two-week period leading up to the end of the discovery period, from April 21 to May 5, 2022.[4] The invoices attached to the Renewed Motion reflect that the delivery of transcripts was expedited for seven of the depositions: Ambar Diaz, Robert Muse, Carlos Perez-Abreu, Mayra Garcia, Pablo De Cuba, Ramon Jimenez, and Jessica Tyler. (ECF No. 217-2 at 2, 3, 4, 6, 8, 14, 16). Transcripts were not expedited for four of

---

[3] Defendant has withdrawn its request for condensed transcripts.

[4] Ambar Diaz on April 21, 2022; Robert Muse on April 22, 2022; Carlos Perez-Abreu on April 25, 2022; Mayra Garcia on April 26, 2022; Pablo De Cuba on April 27, 2022; Plaintiff on April 28, 2022; Lillian Guerra on April 29, 2022; Jeffrey Climans on May 2, 2022; Ramon Jimenez on May 3, 2022; Amy Craven on May 4, 2022; and Jessica Tyler on May 5, 2022.

the depositions: Plaintiff, Lillian Guerra, Jeffrey Climans, and Amy Craven.  (ECF No. 217-2 at 10, 12, 13, 15).

Though Plaintiff has not disputed the necessity of the transcripts in this case, American Airlines has not substantiated its need to have those transcripts by any date certain.  At the time the last deposition was taken, the discovery deadline was May 5, 2022 and the deadline to file summary judgment motions and *Daubert* motions was June 6, 2022.[5]  (ECF No. 117).  Even for the last deposition taken on May 5, the deadline to file summary judgment motions—which were not filed in this case—was just over 30 days later.

Moreover, there is no discernible pattern in the decision to expedite deposition transcripts. Some invoices reflect four-business-day delivery, others reflect five-day delivery, and the invoice for one of the earlier depositions taken reflects two-day delivery.  Other deposition transcripts during this same time period of near-continuous depositions were not expedited at all.  And more broadly, the decision to schedule *all* the depositions in this case to occur together at the *end* of the discovery period has not been explained.  American Airlines may not tax elevated costs of its own making.  In short, expediting the deposition transcripts was not necessary.  *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320–21 (S.D. Fla. 2012) (declining to award cost of expediting deposition transcripts where the transcripts would have been ready before the summary judgment motion deadline under the standard delivery time).

Accordingly, I recommend that transcription costs be awarded at non-expedited rates. Thus, the award for Ambar Diaz's deposition transcript should be reduced by the $346.50 fee for expediting reflected in the invoice.  (ECF No. 217-2 at 2).  For Robert Muse, the award should be

---

[5]  On May 23, 2022, after the depositions were taken, the deadline to file summary judgment motions and *Daubert* motions was extended to July 16, 2022.  (ECF No. 175).

reduced by the $360.15 expediting fee in the invoice.  (ECF No. 217-2 at 3).  For Ramon Jimenez,

the award should be reduced by the $877.80 expediting fee in the invoice.  (ECF No. 217-2 at 14).

Further, transcripts for the depositions of Carlos Perez-Abreu, Mayra Garcia, and Pablo De

Cuba, should be taxed at $5.15 per page.  These transcripts were expedited with 2-day delivery at

$9.42 per page, 5-day delivery at $8.00 per page, and 5-day delivery at $8.40 per page,

respectively.  (ECF No. 217-2 at 4, 6, 8).  The difference in the per page rate for 5-day delivery

for transcripts prepared by the same transcription company is neither clear from the invoices or

explained in the Reply.  Notwithstanding, Plaintiff's deposition was transcribed by the same

transcription company; his deposition was not expedited and the per page rate charged was $5.15.

I find that this rate is reasonable.[6]  Thus, the award for Carlos Perez-Abreu's deposition transcript

should be reduced by $380.03 for expedited delivery ($838.38 minus (89 pages times $5.15 per

page)).  The award for Mayra Garcia's deposition transcript should be reduced by $390.45 for

expedited delivery ($1,096.00 minus (137 pages times $5.15 per page)).  And the award for Pablo

De Cuba's deposition transcript should be reduced by $741.00 for expedited delivery ($1,915.20

minus (228 pages times $5.15 per page))

In sum, the Court concludes that Defendant's request for $24,718.93 in transcript-related

costs should be further reduced by $3,095.93 associated with expediting the delivery of deposition

transcripts.

Rough Draft Transcripts.  Plaintiff challenges Defendant's request to tax the cost of rough

drafts of transcripts.  Defendant has withdrawn its prior request to tax $560.00 for a rough draft of

the transcript from Ramon Jimenez's deposition.  Defendant now seeks to tax $1,158.00 for

transcript rough drafts, consisting of $416.00 in connection with Plaintiff's deposition, $430.00 in

---

[6]  The $5.15 per page rate is commensurate with the rate permitted for 14-day delivery in Criminal Justice Act (CJA) cases.  *See* https://www.flsd.uscourts.gov/transcript-rate-schedule.

connection with Lillian Guerra's deposition, and $312.00 in connection with Amy Craven's deposition.  These depositions were taken on April 28, April 29, and May 4, 2022, respectively.

The invoices for these depositions reflect that delivery of the transcripts was not expedited. For the reasons stated in further detail above, Defendant should not be permitted to recover the cost of rough drafts of these transcripts in lieu of recovering the cost of expediting delivery of those transcripts.  Thus, Defendant's request for $24,718.93 in transcript-related costs should be further reduced by $1,158.00 in fees for transcript rough drafts.

Other Transcript Fees.[7]  Plaintiff further challenges Defendant's entitlement to $350.00 for "In Person Coverage Fees" associated with the depositions of Carlos Perez-Abreu and Plaintiff, each in the amount of $175.00.  The invoices for both depositions list an "In Person Coverage Fee" separate and above the court reporter's attendance fee, which is identified in the invoices as "Attendance (First Hour)" and "Attendance (Add'l Hours)."  (ECF No. 217-2 at 8, 10).  The Reply assumes that the "In Person Coverage Fees" are part of the court reporter's appearance fee. Defendant may appropriately recover the court reporter's attendance fee.  *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees).  However, American Airlines has not met its burden of establishing that the "In Person Coverage Fees" form part of the separately charged court reporter attendance fees.  Thus, the Court declines to recommend that Defendant recover $350.00 for "In Person Coverage Fees."

---

[7]  Plaintiff objected to the taxing of fees for "Litigation Package" and "Litigation Technology, Support and Security Management."  Defendant has withdrawn its request for those costs.

Plaintiff further challenges Defendant's entitlement to "Transcript Handling and Processing" in the amount of $45.00 in connection with each of the depositions of Ambar Diaz, Robert Muse, Lillian Guerra, Jeffrey Climans, Ramon Jimenez, Amy Craven, and Jessica Taylor, for a total of $315.00.  Plaintiff also challenges Defendant's entitlement to "Electronic Delivery and Handling" fees in the amount of $28.00 in connection with each of the depositions of Carlo Perez-Abreu, Mayra Garcia, Pablo De Cuba, and Plaintiff, for a total of $112.00.  The Eleventh Circuit has explained that shipping and handling fees are not recoverable under § 1920.  *See Watson*, 492 F. App'x at 997 ("§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor.").  Thus, "Courts in this District . . . have declined to award costs for court reporter delivery fees and handling charges."  *Joseph*, 950 F. Supp. 2d at 1259.  Though Defendant represents that these costs were automatically imposed by the transcription companies as a requirement for obtaining the transcripts, authority in the Eleventh Circuit is clear that Defendant may not recover these costs.

For these reasons, I recommend that Defendant's request for transcription-related costs be reduced by $350.00 for In Person Coverage Fees, $315.00 for Transcript Handling and Processing fees, and $112.00 for Electronic Delivery and Handling.

Videorecording Fees.  Last, Plaintiff challenges Defendant's entitlement to recovering the cost of videorecording the depositions of Carlos Perez-Abreu, Mayra Garcia, Pablo De Cuba, and Plaintiff.  Though Plaintiff does not dispute that the depositions were properly noticed to include video, he disputes that the cost of the videotaped depositions, which in total amount to $6,664.00, was necessary in this case.  Plaintiff also disputes Defendant's entitlement to the specific charges for "MPEG/Digitizing," "Media and Cloud Services," and "Electronic Access" itemized in the invoices, which amount to $2,639.00.

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022).

Here, Defendant provided notice that the depositions in question would be taken by stenographic and videorecorded means. (ECF No. 219-2). Plaintiff does not dispute that Defendant provided proper notice. Defendant further provided notice that the depositions would be taken by videorecorded means "for the purpose of discovery, for use at trial or for other such permissible purposes." (ECF No. 219-2). Defendant argues generally that videorecorded depositions, such as those at issue here, are necessary to preserve witness time, allow jurors to asses credibility, and provide possible evidence for impeachment purposes. The Court is satisfied based on this explanation that the videorecording of these depositions, which include Plaintiff's deposition, were necessarily obtained for use in this case. *Cf. Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *6 (S.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, No. 19-22762-CIV, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021) ("Defendant, in fact, has made no argument justifying both stenographic and video recording. Instead, Defendant relies on the fact that taxing these costs is permissible when properly noticed.").

Notwithstanding, the Court recommends that $2,639.00 in charges associated with the videorecording of the depositions—"MPEG/Digitizing," "Media and Cloud Services," and "Electronic Access"—be excluded from the award.  Defendant asserts that these are standard charges that were automatically imposed, linked to the formatting and transcription company's access costs, and that without these charges Defendant would have received practically unusable "raw data."  (ECF No. 219 at 7).  However, Defendant's Reply acknowledges that these charges are associated with receiving the videorecorded depositions in a more convenient file format. Defendant may not recover these costs.  *See Acosta v. Miami-Dade Cnty.*, No. 16-23241-CIV, 2022 WL 2657322, at *5 (S.D. Fla. May 20, 2022), *report and recommendation adopted*, No. 16-23241-CIV, 2022 WL 2235568 (S.D. Fla. June 22, 2022) ("However, this invoice includes charges for 'MPEG/Digitizing', 'Media and Cloud Services', and 'Electronic Access', none of which are recoverable in the absence of an explanation from Defendants about why they were necessary 'as opposed to [ ] convenience-only cost[s].'" (alterations in original)); *see also TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 617CV920ORL37DCI, 2020 WL 5984040, at *3 (M.D. Fla. Sept. 22, 2020), *report and recommendation adopted*, No. 617CV920ORL37DCI, 2020 WL 5982555 (M.D. Fla. Oct. 8, 2020) ("[T]o the extent that some of these costs involve the costs for synchronizing the video depositions and shipping the depositions, those costs are outside the scope of § 1920, as are the costs associated with 'media and cloud services,' which is a phrase entirely undefined and, thus, unsupported.").

Accordingly, I recommend that Defendant be awarded costs associated with the videorecording of the four depositions noted above, but that $2,639.00 for "MPEG/Digitizing," "Media and Cloud Services," and "Electronic Access" be excluded from the award.

***

Based on the foregoing, the Court recommends that Defendant be awarded $16,647.00 in fees for printed or electronically recorded transcripts.

### 2.    Compensation of Interpreters

Under 28 U.S.C. § 1920(6), a prevailing party may be awarded "compensation of interpreters[.]" 28 U.S.C. § 1920(6); *see also Olmo v. Davol, Inc.*, No. 13-62260-CIV, 2017 WL 11220346, at *3 (S.D. Fla. May 15, 2017), *report and recommendation adopted*, No. 13-62260-CIV, 2017 WL 11220347 (S.D. Fla. June 1, 2017) ("Interpreter fees are taxable under 28 U.S.C. § 1920(6)[.]"). A prevailing party may tax the cost of interpreter services for oral translation from one language to another, but may not tax the cost of document or written translation services. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 569, 575 (2012).

American Airlines seeks to tax $3,137.50 in interpreter costs under § 1920(6) for interpreter services provided at the depositions of Mayra Garcia, Pablo De Cuba, and Plaintiff. (ECF No. 217-3). Plaintiff does not oppose the request except to the extent Defendant seeks to recover $80.00 in parking fees incurred by the interpreters for their attendance at Pablo De Cuba's and Plaintiff's depositions. (ECF No. 217-3 at 3–4). However, there is support for finding that Defendant may recover the $80.00 in parking fees charged by the interpreters. *See Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-CIV, 2008 WL 4629078, at *3 (S.D. Fla. Oct. 17, 2008) ("The Court finds that the travel and parking expenses totaling $259.00 were included in the 'compensation' of the interpreter and, therefore, such expenses will be included in the amount awarded to Defendants.").

### 3.    Fees for Service of Summons and Subpoena

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes.

*See EEOC*, 213 F.3d at 624.  Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a).  "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."  28 U.S.C. § 1921(b).  Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017*), report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

American Airlines initially requested $195.00 in private process server fees for two attempts of service of a subpoena on Telemundo and for service of a subpoena on Mary Garcia. In response to Plaintiff's partial opposition, American Airlines revised its request to seek $130.00 in private process server fees, comprising $65.00 for one service attempt on Telemundo and $65.00 for service of a subpoena on Mary Garcia.  (ECF No. 219-4 at 9).  Though the invoices submitted in support of the request for $130.00 in fees (ECF No. 217-4) reflect more than $130.00 in costs incurred, Defendant seeks to recover fees for the service of subpoenas in an amount commensurate with the per hour rate charged by the U.S. Marshal.  I recommend that Defendant be awarded $130.00 in private process server fees accordingly.

### 4.    Fees for Witnesses

The cost of witness fees is taxable under 28 U.S.C. § 1920(3).  "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'"  *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (quoting 28 U.S.C. §§ 1821(a)(1), 1821(b)).  The amount that can be taxed for witness fees is limited by 28 U.S.C. § 1821, which "permits a witness payment of $40 per day

for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares." *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, at *4 (S.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016). There is no distinction between expert witnesses and non-expert witness with respect to the $40.00 per day fee for attendance, as "[e]xpert witnesses are treated the same as non-expert witnesses for purposes of taxing costs." *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016).

American Airlines seeks to recover $40.00 in witness fees in connection with Mayra Garcia's deposition. Plaintiff does not oppose the request, and Defendant may appropriately recover $40.00 in witness fees for Garcia's deposition. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007) (awarding $40.00 per day for witnesses' appearances at deposition and at trial).

***

Based on the foregoing, I recommend that Defendant be found entitled to an award of taxable costs in the amount of **$19,874.50**, consisting of: (i) $16,647.00 in Fees for Printed or Electronically Recorded Transcripts; (ii) $3,057.50 in Compensation of Interpreters; (iii) $130.00 in Fees for Service of Summons and Subpoena; and (iv) $40.00 in Fees for Witnesses.

### D.    Plaintiff's Ability to Pay

As noted above, it is presumed that costs will be awarded to the prevailing party under Rule 54(d)(1). "To defeat the presumption and deny full costs, a district court must have and state a

sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  While district courts "should not consider the relative wealth of the parties," a "non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Id.*  If choosing to consider the non-prevailing party's financial status, district courts "should require substantial documentation of a true inability to pay."  *Id.*  "[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party."  *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).

Nonetheless, courts may not fully relieve a non-prevailing party of paying costs.  The Eleventh Circuit has cautioned that "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all."  *Chapman*, 229 F.3d at 1039 (citing *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)).

Plaintiff asserts that he is 70 years old, retired, and that he suffers from a heart condition. Plaintiff seeks 5 days to complete and supplement his Response with an affidavit to substantiate his inability to pay.  The time for Plaintiff to substantiate his inability to pay was when he filed his Response to the Renewed Motion.  Plaintiff did not do so.  Nor would the facts proffered substantiate a true inability to pay.  Accordingly, I recommend no reduction in the award of taxable costs based upon Plaintiff's proffered financial status.

### E.    Post-Judgment Interest

American Airlines requests post-judgment interest on the award of costs.  As the prevailing party, Defendant is entitled to post-judgment interest on an award of costs.  *See Rodriguez*, 862 F. Supp. 2d at 1321.  Under 28 U.S.C. § 1961(a), interest "shall be calculated from the date of the

entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, I recommend that Defendant be awarded post-judgment interest at the statutory rate.

## IV.   RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant American Airlines, Inc.'s Renewed Motion (ECF No. 217) be **GRANTED, in part**, and **DENIED, in part**, and that Defendant be awarded **$19,874.50** in taxable costs, to accrue post-judgment interest at the statutory rate from the date any award of costs is entered, pursuant to 28 U.S.C. § 1961.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 7th day of February, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Jose E. Martinez
Counsel of Record